```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


MARITZA VARGAS,                 :
                                :
     Plaintiff,                 :
                                :
V.                              :    CASE NO. 3:03CV576(RNC)
                                :
UNLIMITED REPOSSESSIONS, LLC,   :
                                :
     Defendant.                 :
```

RECOMMENDED RULING AFTER HEARING ON DAMAGES

On March 31, 2003, the plaintiff, Maritza Vargas, commenced this action against the defendant, Unlimited Repossessions, LLC, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a.

I.  Procedural History

The defendant did not file an appearance or answer the complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court granted the plaintiff's motion for default. (Doc. #5.) Thereafter, the court (Chatigny, C.J.) granted the plaintiff's motion for default judgment as to liability only. (Doc. #6.) The court referred the case to the undersigned for a hearing on damages. (Doc. ##6, 8.)

The undersigned conducted a hearing on damages. (Doc. #16.) The defendant did not appear.[1]  The following is the court's

---

[1] Both the court and the plaintiff's counsel provided notice to the defendant of the hearing. See doc. #16 at 5-6, pl's ex. 2.

recommended ruling regarding damages.

II. <u>Facts</u>[2]

The defendant contacted the plaintiff and informed her that it was going to repossess her car. (Doc. #6, Vargas Aff. ¶2.) The plaintiff told the defendant that she had paid in full and that the finance company had sent her the title and had released the lien. (Compl. ¶¶45; Doc. #6, Vargas Aff. ¶2.) The plaintiff further stated that she was represented by legal counsel and gave the defendant the name of her attorney. (Compl. ¶6.) The defendant refused to communicate with the plaintiff's attorney. (Compl. ¶6.)

The next day, the defendant repossessed the plaintiff's car. (Compl. ¶4.) The defendant did not return the vehicle until twelve days later. (Doc. #6, Vargas Aff. ¶5.) The plaintiff needed her car for employment, shopping, church and transporting her three minor children. (Doc. #6, Vargas Aff. ¶6.)

III. <u>Discussion</u>

The plaintiff alleges that the defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6). (Doc. #10.)

Section 1692f(6) prohibits:

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if - (A)

---

[2]Upon failure to plead or otherwise defend against a complaint, the plaintiff's well pled allegations are deemed admitted, except those relating to the amount of damages. <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981).

>      there is no present right to possession of the property
>      claimed as collateral through an enforceable security
>      interest.

Repossession services "are engaged in the enforcement of security interests and, as such, have been held to be within the scope of the FDCPA, if they engage in self-help repossession without a 'present right' to do so. 15 U.S.C. § 1692f(6)." <u>Vitale v. First Fidelity Leasing Group</u>, 35 F. Supp.2d 78, 81 (D. Conn. 1998). <u>See also</u> <u>Clark v. Auto Recovery Bureau Conn., Inc.</u>, 889 F. Supp. 543, 546 (D. Conn. 1994) (defendant's repossession constituted an unfair debt collection practice in violation of the FDCPA under 15 U.S.C. § 1692f(6)). Here, before the defendant repossessed the vehicle, the plaintiff had (1) received the title to the vehicle free and clear of any lien; and (2) informed the defendant that she had paid the note in full and that it had no right to repossess the car. Because the defendant did not have a "present right" to the vehicle via a valid security interest, the defendant's conduct violated 15 U.S.C. § 1692f(6)(A).

The plaintiff seeks, and the court recommends, an award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), which provides:

>      Except as otherwise provided by this section, any
> debt collector who fails to comply with any provision of
> this subchapter with respect to any person is liable to
> such person in an amount equal to the sum of–
>      (2)(A) in the case of any action by an individual,
> such additional damages as the court may allow, but not
> exceeding $1,000 . . . .

The plaintiff also seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the loss of use of her vehicle. (Doc. #10, ¶7.) However, the plaintiff has neither pleaded in her complaint nor specified in her affidavit the amount of any actual damages suffered as the result of the defendant's violation. The sole evidence is the plaintiff's affidavit in which she states that she needed her vehicle for a variety of purposes. (Doc. #6, Vargas Aff. ¶6.) "[A] finding of damages must have evidentiary support." Perishable Food Industry Pension Fund v. American Banana Co., Inc., No. 01 Civ. 1922(LMM)(RL), 2003 WL 21542316, at *3 (S.D.N.Y. July 1, 2003). The court declines to award actual damages because on the limited evidence in the record any such award would be speculative. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (damages must be established to a "reasonable certainty").

In count 2, the plaintiff alleges that the defendant violated the Connecticut Unfair Trade Practices Act ("CUTPA"). CUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). To prevail on a claim under CUTPA, a plaintiff must demonstrate that he or she suffered "ascertainable loss of money or property, real or personal" as a result of the conduct prohibited by the Act. Conn. Gen. Stat. § 42-110g(a). On the record before the court, where the plaintiff was deprived of her vehicle, the court finds that the

defendant's conduct violated CUTPA. See Negri v. Auto Lock Unlimited, Inc., No. CV040198688, 2004 WL 1463038, *3 (Conn. Super. Ct. June 9, 2004) (allegations concerning a repossession may constitute a CUTPA violation).

The plaintiff requests, and the court recommends, an award of punitive damages under CUTPA. CUTPA permits punitive damages "if the court finds that the defendant's conduct was recklessly indifferent, intentional and wanton, malicious, violent, or motivated by evil." Sir Speedy, Inc. v. L & P Graphics, Inc., 957 F.2d 1033, 1040 (2d Cir. 1992); see also United Technologies Corp. v. American Home Assurance Co., 118 F. Supp.2d 174, 176 (D. Conn. 2000). The evidence before the court evinces the defendant's reckless indifference to the right of others. The court finds that punitive damages of $2500 are appropriate.

Under the FDCPA, as well as CUTPA, a successful plaintiff in entitled to recover the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692k(a)(3); Conn. Gen. Stat. § 42-110g(d). The plaintiff seeks, and the court recommends, an award of $1800 in attorney's fees and $203.80 in costs. (Doc. #10.)

IV. Conclusion

Based on the foregoing, the undersigned recommends that the plaintiff be awarded $1000 in statutory damages and $2500 in punitive damages.

The undersigned further recommends that the plaintiffs be awarded attorney's fees of $1800 and costs of $203.80.

Any party may seek the district court's review of this recommendation.  <u>See</u> 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated this 12th day of February, 2008 at Hartford, Connecticut.

```
         _____/s/_____
         Donna F. Martinez
         United States Magistrate Judge
```